# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN
# CIVIL ACTION NO. 1:10CV-P168-M

JA-RON S. TEAGUE *et al.*                                              PLAINTIFFS

v.

LADONNA THOMPSON *et al.*                                              DEFENDANTS

### MEMORANDUM OPINION

Plaintiffs Ja-Ron S. Teague, Terrance L. Johnson, and Darrie Rushin filed this *pro se* 42 U.S.C. § 1983 action. The three Plaintiffs were challenging the conditions of their confinement at the Simpson County Jail. Only Plaintiff Johnson's claims remain as the other two Plaintiffs have been dismissed as parties to this action. By Order entered April 27, 2010, the Court ordered Plaintiff Johnson to restate his claim using the Court-approved form. Plaintiff Johnson complied. His amended complaint is now before the Court for initial screening under 28 U.S.C. § 1915A.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, this action will dismissed because it fails to state a claim upon which relief may be granted and because Johnson seeks relief from an immune defendant.

As Defendants Johnson names LaDonna Thompson, Commissioner of the Kentucky

Department of Corrections; Simpson County Jailer Robert Huber; Simpson County Jail Captain Gerald Beshear; and Simpson County Jail Sergeant Greg Prince. Plaintiff sues Defendants in their official capacities. He is seeking both monetary and injunctive relief.

**Official-capacity, money damages claim against Defendant Thompson**

Defendant Thompson, as a state official sued in her official capacity for money damages, is absolutely immune from liability under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, Defendant is not a "person" subject to suit within the meaning of § 1983 when sued in her official capacity for monetary damages. *Will*, 491 U.S. at 71. Consequently, Plaintiff's official-capacity claim for money damages against Defendant Thompson must be dismissed.

**Injunctive relief claims against Defendant Thompson**

*Johnson alleges that the state has an unconstitutional policy that allows convicted class D felons to be housed in county facilities that lack the programs and other amenities found in state-run facilities. Plaintiff contends that he has a constitutional right to be housed in a state-run facility.*

While state law may dictate the duration and circumstances under which a convicted inmate can be held in a county facility, an inmate does not enjoy a constitutional right to be housed in any particular facility. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 576 (6th Cir. 2005); *see Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam) (rejecting claim that being held in county facility was more disagreeable than if plaintiff had immediately been transferred

2

to a state facility). Likewise, prisoners do not have a constitutional right to participate in particular rehabilitative programs. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (explaining that prisoner classification and eligibility for rehabilitation programs are not subject to constitutional protections); *Griffin v. Kallen*, 791 F.2d 933 (6th Cir. 1986) ("[P]risoner has no constitutional entitlement to a particular classification or to any particular eligibility for rehabilitative programs.").

Johnson also alleges that he was located some 200 miles away from his counsel thereby depriving him of his right to defense counsel. The First and Sixth Amendments require prison officials to afford their inmates meaningful access to their counsel. However, Johnson fails to allege that he was prevented from communicating with his counsel. Distance alone does not amount to a denial of the Sixth Amendment right to counsel.

Additionally, since filing this lawsuit Johnson has been transferred to a state-run facility thereby mooting his injunctive relief claim against Defendant Thompson. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (finding inmate's request for injunctive relief moot as he was no longer confined to the institution where the alleged wrongdoing occurred).

To the extent that Johnson alleges that housing state inmates in county facilities violates Kentucky state law, the Court declines to exercise jurisdiction over the claim. *See* 28 U.S.C. § 1367(c)(3).

**Injunctive relief claims against Defendants Huber, Beshear and Prince**

As noted, Johnson has been transferred out of the Simpson County Detention Center to the Luther Lucket Correctional Complex, a state-run facility. His transfer moots his injunctive relief claims against Defendants Huber, Beshear and Prince. *See Kensu*, 87 F.3d at 175.

Accordingly, those claims will be dismissed.

**<u>Official-capacity money damages claims against Defendants Huber, Beshear and Prince</u>**

Johnson alleges that the Simpson County Defendants housed him in crowded unsanitary conditions, kept him on disciplinary lock down with only three hours a day of recreation time, denied him unspecified medication, called him a "nigger" on several occasions, and interfered with his right to use the prison grievance system. He alleges that these conditions were pervasive at the jail and affected all inmates.

Plaintiff does not allege that he suffered any physical injury as a result of the conditions at the Simpson County Jail or from missing does of the unknown medication. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Additionally, as to his grievance claim, it is well established that a prisoner does not have a constitutional right to unfettered access to prison grievance procedures." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). And, while the use of racial slurs by jail officials is highly unprofessional and inappropriate, it does not amount to a constitutional violation. *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987).

Johnson also indicates that he was denied access to the courts while at the Simpson County Jail because there is no legal library available to inmates. He complains that the lack of resources prevented him from filing a motion for a speedy criminal trial. However, Johnson indicates that he was represented by counsel during this time. In Bounds v. Smith, 430 U.S. 817 (1977), the Supreme Court recognized a prisoner's fundamental right of access to the courts. In

order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999). Plaintiff cannot show an "actual injury" since he was fully represented by counsel at the time that he states he was unable to file a motion in his criminal proceeding. See Yearby v. Commonwealth, No. 2007-CA-001962-MR, 2009 Ky. App. LEXIS 404 (Ky. Ct. App. Mar. 27, 2009) ("Yearby was not properly acting *pro se* when he filed his motion to dismiss because he had not asked to proceed pro se nor had he asked that counsel's role be limited in any way."); *see also Coggins v. Parke*, 849 F.2d 1472 (6th Cir. 1988) ("The plaintiff has no meritorious claim for denial of access to the courts given the fact that he was represented by counsel in the underlying civil rights action."); *Walton v. Smolenski*, 826 F.2d 1066 (6th Cir 1987). Therefore, Plaintiff fails to state a meritorious claim for denial of access to the courts.

Having determined that Plaintiff has failed to state a claim against Defendants in their official capacities, the Court will enter a separate Order of Dismissal.

Date:

cc: Plaintiff Johnson, *pro se*

4414.008